UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THERON CHARLOT | CIVIL ACTION |
| VERSUS | NO: 20-1978 |
| TRANSPORTATION CONSULTANTS, INC., ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 7)** filed by the plaintiff, Theron Charlot, *pro se*. Defendants Transportation Consultants, Inc. ("TCI"), Laura Caluda, and Jeffrey Louis (collectively "Defendants") oppose the motion. The motion, submitted for consideration on August 19, 2020, is before the Court on the briefs without oral argument.

Plaintiff, who represents himself, filed this action against Defendants in Orleans Parish. According to the petition, Plaintiff provided transportation and freight services to TCI on a contractual basis from March 1, 2019 until May 22, 2020.[1] (Rec. Doc. 1-2, Petition ¶ 3). On the last of these dates a representative of TCI informed Plaintiff that the company would no longer use his services. (*Id.* ¶ 6). Plaintiff alleges that TCI is liable for terminating his services without cause and based on retaliation. (*Id.* ¶ 7). Plaintiff also alleges that during the time that he provided services to TCI he was underpaid in violation of 49 C.F.R. § 376.12(d). (*Id.* ¶¶ 3, 4). The individual defendants,

---

[1] According to Defendants Plaintiff was an independent-operator truck driver. TCI leased Plaintiff's truck and services to haul freight. (Rec. Doc. 9, Opposition at 1).

Caluda and Louis, are employees of TCI.

TCI removed the lawsuit to this Court. The cited basis for original subject matter jurisdiction in federal court is federal question jurisdiction. No other basis for subject matter jurisdiction is alleged presumably because the parties are not completely diverse in citizenship and/or the amount in controversy requirement is not satisfied. TCI contends that Plaintiff's cause of action presents a federal question because it is grounded on TCI's alleged failure to comply with federal regulations promulgated under the Federal Motor Carrier Safety Act (the "Truth-in-Leasing" regulations).

Plaintiff now moves to remand the case to state court arguing that his claims arise under state law not federal law notwithstanding the reference in his petition to 49 C.F.R. § 376.12(d). The Court notes that after Defendants filed their opposition to the motion to remand, Plaintiff attempted to file a first supplemental and amending "motion to remand," which references a first supplemental and amended "petition" that Plaintiff describes as containing "absolutely no federal question whatsoever." (Rec. Doc. 10, Deficient motion ¶ 1). That filing was marked "deficient" by the Clerk of Court.[2]

---

[2] In the deficient motion to amend Plaintiff explains that the reason that his amended petition presents "absolutely no federal question whatsoever" is because his "wrongful termination of employment based on retaliation is a state court claim and cause of action." (Rec. Doc. 10, Deficient motion ¶ 3). The amended petition itself is not part of the deficient motion that appears in the docket sheet but the Court assumes, based on the quoted language above, that Plaintiff intended to forego the pay claim (the claim that Defendants contend raises issues of federal law) so that his case would be remanded to state court. An amendment to delete all federal claims over which the district court has original jurisdiction does not violate the prohibition against changing post-removal jurisdictional *facts* to divest the court of jurisdiction once it has attached. *See Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir. 2011). And the supplemental jurisdiction statute gives the district court discretion to decline to exercise jurisdiction over state law claims after all claims that confer original jurisdiction have been dismissed or deleted. 28 U.S.C. § 1367(c)(3); *Enochs*, 641 F.3d at 158. The parties should note that if Plaintiff's amendment had not been rejected, and therefore any federal claims deleted, the Court would have declined to exercise jurisdiction over the remaining state law claims and the case would

The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 253–54 (5th Cir.1961)). Any ambiguities as to the law and/or facts alleged in support of jurisdiction are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000)).

In support of federal question jurisdiction Defendants characterize Plaintiff's petition as one asserting claims seeking damages for failure to comply with the Federal Motor Carrier Safety Act's regulations. Defendants argue that two of Plaintiff's claims—one for unfairly compensating Plaintiff and one for failing to provide supporting invoices—arise from TCI's alleged failure to comply with federal regulations and therefore Plaintiff's causes of action are based on federal law. According to Defendants, federal law creates Plaintiff's causes of action and federal regulations are the center of this litigation. In support of these assertions, Defendants devote a significant amount of argument to persuading the Court that the federal regulations at issue provide a private cause of action—a legal proposition that has not seen unanimity among learned jurists.

The Court assumes without deciding that a plaintiff has a private cause of action and may file a civil action to enforce the Truth-in-Leasing regulations or to recover damages for a violation of those regulations. But the jurisdictional analysis, and in

---

have been remanded as amended.

particular the propriety of removal in this case, does not end with that assumption. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank,* 299 U.S. 109, 112–113 (1936)). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Id.*

Pretermitting the fact that Plaintiff did include two express references to 49 C.F.R. § 376.12(d) in his petition, this case does not fall under the complete preemption doctrine even if the Truth-in-Leasing regulations allow for a private right of action. The complete preemption doctrine is an independent corollary to the well-pleaded complaint rule and it applies when the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393 (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65 (1987)). So for instance, Plaintiff's state law unfair pay claim/breach of contract claim, *see* Petition ¶ 3, is not subsumed by federal law and therefore under the well-pleaded complaint rule Plaintiff could pursue his unfair pay claim/breach of contract claim without relying on federal law. In fact, § 376.12(d) says nothing about the fairness of compensation. That regulation merely dictates that the compensation must be clearly stated on the face of the lease.

But the plaintiff, who is not represented by counsel, did include an explicit reference to 49 C.F.R. § 376.12(d), entitled Compensation, in his petition. This is insufficient, however, to confer federal question jurisdiction. In order for federal question

4

jurisdiction to exist federal law must create the cause of action, and if not, the plaintiff's right to relief must depend on resolution of a substantial question of federal law. *Bd. of Commr's v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 721 (5th Cir/ 2017) (citing *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008)). But again, based on the factual allegations that support the pay claim, 49 C.F.R. § 376.12(d) has nothing to do with Plaintiff's specific claim. The fact that a plaintiff could bring a civil action to enforce the Truth-in-Leasing regulations does not ipso facto mean that federal law created the cause of action that Plaintiff has alleged. And even if resolving that claim ultimately requires some reference to federal law, the resolution of it will not be substantial based on the nature of Plaintiff's claim; certainly not substantial enough to confer jurisdiction in a federal court.[3]

    Defendants point out that the petition also makes an implied reference to 49 C.F.R. § 376.12(g), which pertains to copies of freight documentation. (Petition ¶ 3). Plaintiff made this reference when attempting to plead his pay claim, which the Court has already addressed. Plaintiff, who is not an attorney and who obviously drafted the petition himself, denies that it was his intent to rely on federal law when he pleaded the pay claim. Under the well-pleaded complaint rule Plaintiff can eschew federal law and rely on state law for his claim because as the Court has already explained, this is not a complete preemption situation. A pro se litigant's pleadings are held to a less stringent standard than a formal pleading drafted by a licensed attorney. *United States v.*

---

[3] To be clear, the Court is not suggesting that state law provides a basis for recovery and that Plaintiff's causes of action can survive an exception of no cause of action once the case is remanded to state court. The Court has no concern with these issues because they are not part of the jurisdictional analysis with respect to federal question jurisdiction.

*Gonzalez*, 592 F.3d 675, 680 n.3 (5th Cir. 2009).

Moreover, another factor that favors Plaintiff's contention that his petition raises only issues of state law is that he owned the plaintiff company in *C&H Trucking, Inc. v. New Orleans Trucking & Rental Depot, Inc.*, a civil action wherein another judge in this district dismissed the plaintiff's claims after concluding, in a lengthy and well-reasoned opinion, that the Truth-in-Leasing regulations do <u>not</u> provide a private cause of action. (Civil Action 15-5678, Rec. Doc. 29, J. Feldman's Order and Reasons 7/15/16). The plaintiff was represented by counsel in that case and the final judgment was not appealed. Although Defendants might find the reasoning in that case to be open to attack, it strains credulity to suggest that the unrepresented plaintiff in this case, whose company was the subject of that adverse prior ruling, intended to rely on federal law to bring the claims that he now alleges. Regardless of his subjective intent, however, the Court is not persuaded that Plaintiff's right to relief depends on resolution of a substantial question of federal law so as to confer subject matter jurisdiction on this Court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 7) is GRANTED**. This action is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction.

August 31, 2020

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE